**STATE, ex rel. JONES v. KELLY, Sheriff.**
No. H.C.2365.

Circuit Court, Dade County.

October 16, 1962.

Hugh L. Wood, Miami, for petitioner.

Richard E. Gerstein, State Attorney, for respondent.

IRVING CYPEN, Circuit Judge.

This cause came on to be heard on September 26, 1962, on an order made on a petition for a writ of habeas corpus. The order compelled the state to produce the person of Robert Franklin Jones, and show cause why he should continue to be detained in the custody of the sheriff.

In compliance with the order of the court, the state produced the petitioner, showed that a first degree murder warrant pended against him, undertook to show to the court that probable cause existed for the continuance in effect of the first degree murder warrant, and undertook to show that his detention by the sheriff was legal and regular, regardless of whether probable cause existed for holding him on the warrant, because of an order issued out of the county judge's court in lunacy proceedings then pending against him in that court.

In connection with the first degree murder case, the state offered only the petitioner's alleged confession, some alleged admissions by the petitioner, and an alleged re-enactment by the petitioner.

The state must produce competent evidence that probable cause exists to believe an accused person guilty as charged in order to justify the continuance of a criminal charge against such person. 22 C.J.S. page 890.

The Supreme Court of the United States has branded the confession of an insane person "involuntary", and consequently void under the 14th amendment to the constitution of the United States. Blackburn v. Alabama, 4 L. Ed.2d 242, 361 U.S. 199.

Under Florida law, the state must demonstrate preliminarily that a person confessed or admitted voluntarily in order to introduce the confession or admission of that person. Harrison v. State, 5 So.2d 703 (confession) ; Louette v. State, 12 So. 2d 168 (admission). So under general legal principles must a re-enactment be voluntary to justify its admission. 22A C.J.S. page 565.

The evidence clearly shows, and the court so finds as a matter of fact, that the alleged confession, admissions, and re-enactment were all involuntary in the Blackburn sense. The state announced at the commencement of the hearing and psychiatrists who examined the petitioner at the request of the state testified that he did not know right from wrong and that he lacked capacity to aid his lawyer in his defense. The psychiatrists also testified that he succumbed easily to suggestions; and that he had thrived in the spotlight which had shone on him since he claimed to have

murdered Judith Ann Roberts. The most favorable answer that the psychiatrists for the state could give to the state attorney's persistent inquiries about his capacity to confess was that he could confess "within the limits of his capacity" or "within the limits of a six to ten year old child." The petitioner has been insane for many years and has on several occasions in the past been treated for mental illness. The interrogation of the petitioner in this matter continued, off and on, from September 1 to September 26, 1962.

The state having failed to produce any competent evidence against the petitioner, the court orders that the warrant against the petitioner be and the same is hereby dismissed.

The court, however, may not order the discharge of the prisoner. The state made it known at the hearing that the sheriff held the defendant pursuant to an order of the county judge's court under §394.22 of the Florida Statutes. The court therefore remands the petitioner to the custody of the sheriff for such disposition as the county judge may order in the lunacy proceedings now pending before him.